IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY PARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–0540−JPG |
| | ) | |
| SABO, | ) | |
| COOK, | ) | |
| LAZANTE, | ) | |
| STROUEBERG, | ) | |
| STROUD, | ) | |
| LEBIG, | ) | |
| GREEN, | ) | |
| RISPERA, | ) | |
| MESSEY, | ) | |
| BRANDY, and | ) | |
| BARBARA | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Anthony Parks, an inmate in St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

1

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## **The Complaint**

Plaintiff originally brought suit on March 7, 2018. (Doc. 1). However, the original Complaint was unsigned. (Doc. 1, p. 6). The Court directed Plaintiff to file a signed compliant, which he did on March 15, 2018. (Doc. 6). With that exception, the signed Complaint at Doc. 6 is identical to the originally submitted complaint.

Plaintiff alleges that he was moved to Cell Block G on August 7, 2016 in the St. Clair County Jail. (Doc. 6, p. 5). The cell doors on that unit did not lock, allowing inmates to move freely about the block after lockdown time. *Id*. Inmates would enter others' cells without their consent, which caused fights. *Id*. Plaintiff's left pinkie finger was injured in one such brawl. *Id*. It requires surgery. *Id*. To this day, Plaintiff's finger still does not function properly. *Id*.

2

Plaintiff complained to Sabo, Cook, Lazante, Stroueberg, Stroud, Lebig, Green, Rispera, and Messy about the late night fights and his finger. *Id*.

Plaintiff alleges that he complained to Brandy and Barbara about his finger, but that they told him he had to put in a sick call slip. *Id*. Plaintiff did so, but never received any treatment for his pinky finger.

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 2 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claim survives threshold review:

> **Count 1** – Sabo, Cook, Lazante, Stroueberg, Stroud, Lebig, Green, Rispera, Messey, Brandy and Barbara were deliberately indifferent to Plaintiff's pinky finger in violation of the Eighth Amendment and/or Fourteenth Amendment when they refused to provide him with medical care.

Plaintiff has also attempted to bring another Count, but for the reasons elucidated below, this claim does not survive threshold review.

> **Count 3** – Sabo, Cook, Lazante, Stroueberg, Stroud, Lebig, Green, Rispera, and Messey failed to protect Plaintiff in violation of the Eighth Amendment and/or Fourteenth Amendment when they disregarded his complaints about the fights in his cell block.

As an initial matter, it is not clear at this stage whether Plaintiff is a pre-trial detainee or a convicted prisoner. If Plaintiff is a pre-trial detainee, his claims derive from the Fourteenth Amendment's guarantee of due process, rather than the Eighth Amendment's proscription against cruel and unusual punishment. *Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015). The Seventh Circuit has noted that conditions of confinement claims under the Fourteenth Amendment have "little practical difference" from claims brought pursuant to the Eighth

Amendment. *Smith v. Dart*, 803 F.3d 304, 310 (7th Cir. 2015). Claims brought pursuant to the Fourteenth Amendment may be analyzed under Eighth Amendment standards. *Id*. (citing *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013) ("[T]he protection afforded under [the Due Process Clause] is functionally indistinguishable from the Eighth Amendment's protection for convicted prisoners."); *Hart v. Sheahan*, 396 F.3d 887, 892 (7th Cir. 2005) ("[T]he standards applicable to complaints by convicts and by pretrial detainees about unsafe conditions of confinement merge.")) (other citations omitted).[1]

Officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury

---

[1] In *Kingsley v. Hendrickson*, the Supreme Court held that the appropriate standard on an excessive force claim brought by a pre-trial detainee was the less-stringent "objectively unreasonable" standard of the Fourteenth Amendment. 135 S.Ct. 2466 (2015). This has created some ambiguity in more recent Seventh Circuit case law about the propriety of applying the Eighth Amendment standard to claims raised by pre-trial detainees, although at this stage, the Seventh Circuit has not definitively addressed the issue or overruled its prior precedent. *See, e.g.*, *Phillips v. Sherriff of Cook Cnty.*, 828 F.3d 541, 554 N. 31 (7th Cir, 2016); *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856-58 (7th Cir. 2017); *Collins v. Al-Shami*, 851 F.3d 727 (7th Cir. 2017).

or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

It is not clear exactly what is wrong with Plaintiff's pinky finger, but Plaintiff has alleged that it requires surgery and that he has lost normal function in that finger. It is a reasonable inference from these statements that the state of Plaintiff's pinky finger interferes with his daily activities. Therefore, Plaintiff has adequately alleged that he suffers from a serious medical need, satisfying the first component of a deliberate indifference claim.

Moreover, Plaintiff has alleged that he complained to each and every one of the Defendants about his finger. Despite his complaints, to this day, Plaintiff has still not received adequate medical care for the injury. If Plaintiff truly needs surgery and the Defendants have provided no medical care in lieu of surgery, then it is plausible that the Defendants have been deliberately indifferent to Plaintiff's serious medical need. **Count 1** will therefore proceed against all Defendants.

In **Count 2**, Plaintiff has alleged that the Defendants failed to protect him from the risk posed by not having locks on the cells. In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Pinkston*, 440 F.3d at 889. A

5

plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet fail to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

Plaintiff has not submitted sufficient facts to make it plausible that he complained about a specific threat to his safety. To prevail on a failure to protect claim, an inmate must show that the guard knew about a threat to his safety before he was injured. Here, Plaintiff has provided no details about when he complained relative to his injury. It is not clear that he complained to any of the named defendants prior to his injury. Plaintiff also has not described the substance of his complaints. If Plaintiff merely complained that the doors to his cell were unlocked, it is not clear that such a complaint would be sufficient to put the guards on notice of a specific threat to his safety. Because Plaintiff's allegations are insufficient to make it plausible that he complained to the Defendants about a specific threat, **Count 2** will be dismissed without prejudice. Plaintiff may file an amended complaint with additional allegations if he wishes to proceed on this claim.

## Disposition

**IT IS HEREBY ORDERED** that **Count 1** survives threshold review against Defendants Sabo, Cook, Lazante, Stroueberg, Stroud, Lebig, Green, Rispera, Messey, Brandy, and Barbara. **Count 2** will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Sabo, Cook, Lazante, Stroueberg, Stroud, Lebig, Green, Rispera, Messey, Brandy, and Barbara: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 11, 2018**

s/J. Phil Gilbert
**U.S. District Judge**